Hanson *v.* Dow.

SAMUEL HANSON *versus* OLIVER DOW *& als.*

If a writ contain specific counts upon promissory notes, and also general money counts, with no specification of the demands to be offered to support them, an attachment of real estate by virtue of such a writ will create no lien thereon, notwithstanding it may appear that the amount for which judgment has been entered up, as damages, is the same with that of the notes at the time judgment was rendered.

BILL IN EQUITY. The case was heard on bill, answers and proofs. The defendants controverted the validity of the plaintiff's title to the estate which he sought to recover, on the ground, that the attachment by virtue of which he claimed title, was invalid, because the writ on which the attachment was made, contained general money counts without any specification of the claims to be proved under them.

*Eastman & Chisholm,* for the plaintiff.

As to the defendants' denial, that " the plaintiff's demand, on which he founds his action, and the nature and amount thereof, are substantially set forth in proper counts, or a specification thereof is annexed to the writ," in that case, we say : —

The statute is not intended to prevent the insertion of general counts in the writ. Such general counts will not invalidate an attachment, provided the demand on which he founds his action, and its nature and amount, are substantially set forth, &c.

This was done in that case.

The first count was on a note dated June 12, 1857, payable in four months, for $205,00

Interest from its maturity, 18 months, and 8 days, to April 20, 1859, 18,71

The second count was on a note dated June 29, 1857, four months, for 255,00

Interest from its maturity, 17 months, 22 days, to April 20, 1859, 22,58

Which make precisely the amount of the debt and judgment, 501,29

It appears by the writ, with the minutes thereon of debt and costs, that the debt in the judgment was made up of the two sums of $223,71 and $277,58, being the exact amount of the two notes at the date of rendition of judgment, April 20, 1859.

It is thus clearly manifest, that the two notes constituted "the demand on which he *founded his action*," and that the sums intended in the general counts were *identical* with those in the special counts, in which, "the demand," its "nature and amount," were "substantially" and accurately "set forth."

We think the Court will not ignore this evidence, so palpable upon the face of the papers.

The practice of inserting general counts, in connection with special ones, is so very common, that doubtless many levies, and titles resulting from them, may depend upon attachments on writs similar to the present; and we think that this Court will not go beyond the statute, and decide, upon grounds so purely technical, that the existence of a general count should invalidate an attachment, where the special counts, upon which judgment was actually rendered, fully conform to the requirements of the statute.

The case of *Fairbanks* v. *Stanley*, 18 Maine, 296, cited by defendants' attorneys, relates to an attachment of *personal* property. Judge SHEPLEY, in giving the opinion of the Court, says:—"The statute of 1838, c. 344, requiring all liens on real estate, created by attachment, and the amount of them, to appear on record, made it necessary to deprive the party of the right to prove, under the money counts, any demand not specifically designated. The effect was to restrict the party to a certain, definite mode of declaring, or to limit his proof."

Here, it is evident, the proof was *limited* to the two notes *declared on*.

We understand it to be the invariable practice of this Court, never to render judgment upon any general count, until the plaintiff files a bill of particulars, that the record

may show specifically the nature of the demand upon which the judgment is rendered; so as to bar another suit for the same cause.

This rule of practice negatives the supposition that the judgment could have embraced anything more than the two special counts upon the two promissory notes.

In *Saco* v. *Hopkinton*, 29 Maine, 268, cited by defendants' counsel, the writ upon which the attachment was made contained two counts; one, indebitatus assumpsit, for $1500, according to account annexed; and the account annexed was—"To balance due on account, and interest, $150." The other count was for $1500, money lent and accommodated; had and received; paid, laid out and expended. The opinion of the Court, in that case, fully warrants the presumption, that, if the bill of particulars, folded up in the writ, and upon which judgment was rendered for $688,96, had been properly *annexed* to the writ at the time of service, it would have been taken as "an exposition of the claim," or, in the terms of the statute, a "specification" of the demand, intended and referred to in the general counts; and that the attachment would have been held valid. The Court say, "*neither* of the counts, *nor* the account annexed, furnish the necessary information, such as the statute requires," &c., implying that, if *either* of the counts had given a specification of the claim, it would have been sufficient.

*Howard & Strout*, for the defendants.

The opinion of the Court was drawn up by

RICE, J. — We do not find sufficient evidence in this case to establish the charge of fraud against any of the defendants. Nor are there any superior equities in favor of either party. It is the ordinary case of creditors seeking, through different instrumentalities, to avail themselves of the effects of a common debtor, by conveyances from him, or by legal process against him.

William Harmon, by virtue of a contract in writing from Oliver Dow and Almon L. Hobson, dated February 2d,

1849, had the right to a conveyance of the land now the subject of controversy, on certain conditions, which the plaintiff alleges have been performed. The defendants claim under mesne conveyances from said 'William Harmon. The plaintiff claims to hold the rights of said Harmon under the contract above referred to, by virtue of an attachment on a writ in favor of Joseph Hobson, jr., against said Harmon, on which the officer, on the 18th of June, 1858, attached "all the right, title, interest, estate, claim and demand of every name and nature, of said Harmon, in and to any and all real estate in the county;" which attachment was duly recorded, the action seasonably entered in Court, judgment recovered, Harmon's interest under said contract sold on execution, and conveyed by the officer to the plaintiff, by deed dated June 25th, 1859. Under this deed, the plaintiff now claims a decree against the defendants, or such of them as hold the legal estate, for a specific performance of the contract, from Dow and Hobson to William Harmon, in accordance with its terms and conditions.

The defendants deny the right of the plaintiff generally, and especially deny that any lien upon the estate in controversy was created by virtue of the attachment on the writ, Hobson, jr., against Harmon, referred to above.

This question becomes material, as the plaintiff concedes that, if he fails to establish a lien by virtue of that attachment, he is not entitled to recover, unless the evidence produced satisfies the Court that the allegations of fraud on the part of the defendant are sustained.

The writ, on which the attachment was made, contains four counts, each purporting to be for different causes of action. Two of the counts are for notes specifically described and two are money counts.

Section 30 of c. 81, R. S., provides for the recording of attachments on real estate, to create a lien thereby.

Section 31, of the same chapter, provides that no such attachment, though made and notice thereof given, as directed in the preceding section, shall be valid, unless the

plaintiff's demand, on which he founds his action and the nature and amount thereof, are substantially set forth in proper counts, or a specification thereof is annexed to the writ.

There does not appear to have been annexed to the writ any specification of the claims to be proved under the money counts. This omission, the defendants contend, is fatal to the validity of the attachment and, consequently, decisive of the plaintiff's claim.

It was well remarked by WELLS, J., in the case of *Saco* v. *Hopkinton*, 29 Maine, 268, that "the intention of the statute must have been to require an attaching creditor to furnish such information by his writ, to subsequent attaching creditors and purchasers, as would enable them to know what his demand was, and that it should be so specific as to prevent any other demand from being substituted in the place of the demand sued."

That case failed for want of specifications. But, it is contended by the plaintiff, that the reason for that decision does not apply in this case, inasmuch as in that case all the counts were general, whereas in this, there are two specific counts upon notes, on which it is to be inferred the judgment was rendered, as those notes, with legal interest added, produce the precise sum for which judgment was entered up. This coincidence may raise a presumption that the fact is as claimed, but such presumption is by no means conclusive. The same result might have been produced by legitimate evidence under either of the money counts.

The plaintiff seeks to obtain the estate by the aid of legal process, and not by the voluntary act of the original debtor. To succeed, he must show that the provisions of the statute have been strictly pursued. This he has failed to do, and, consequently, must fail in his object.

*Bill dismissed with costs for defendants.*

APPLETON, C. J., CUTTING, DAVIS and WALTON, JJ., concurred.

KENT, J., did not concur.